█ In the Matter of MICHAEL T. FLYNN, Petitioner, v WILLIAM A. PEASE, as Police Commissioner of the City of Rye, et al., Respondents. [661 NYS2d 255] —Proceeding pursuant to CPLR article 78, inter alia, to review a determination of William A. Pease, the Police Commissioner of the City of Rye, dated May 17, 1996, which confirmed the findings of a Hearing Officer, dated April 30, 1996, which, after a hearing, concluded that the petitioner, a police officer, is capable of performing desk officer duties.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Hearing Officer determined that the light duty which the petitioner was directed to perform is in accordance with General Municipal Law § 207-c, and that the petitioner is capable of performing such duty. While the petitioner contends that the Hearing Officer failed to give adequate credit or weight to certain evidence, such evaluations are within the purview of the trier of fact (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 183; Matter of O'Hara v Bigger,

228 AD2d 507). Contrary to the petitioner's contention, there is substantial evidence to support the Hearing Officer's determination. The petitioner failed to produce contradictory medical evidence at the hearing to establish that his physical condition would become exacerbated. The Hearing Officer considered, among other things, a doctor's report which concluded that the petitioner could return to light duty, letters from the petitioner's own doctor which prompted the Police Commissioner to have the petitioner examined by a third doctor, and the third doctor's report that the petitioner was indeed capable of performing light duty. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.