■ In the Matter of MICHAEL T. FLYNN, Appellant, v WILLIAM A. PEASE, as Police Commissioner of the City of Rye, et al., Respondents. [661 NYS2d 985] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of William A. Pease, the Police Commissioner of the City of Rye, dated January 3, 1996, that the petitioner is fit to return to modified duty pursuant to General Municipal Law § 207-c, as a desk officer, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered August 6, 1996, which, among other things, dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, a Police Officer employed by the City of Rye, suffered work-related injuries in August 1991 and November 1992. Based upon a medical examination of the petitioner, the respondent Police Commissioner of the City of Rye determined, in January of 1996, that the petitioner was fit for modified duty. In February of 1996, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Police Commissioner's January determination. However, after an administrative hearing was held in February and March of 1996, the Police Commissioner again determined that the petitioner was fit for modified duty.

In bringing this proceeding before the hearing was held, the petitioner failed to exhaust his administrative remedies. Moreover, the January 3, 1996, determination by the Police Commissioner was superseded by his May 17, 1996, determination, made after the hearing (*see, Matter of Flynn v Pease*, 242 AD2d 331 [decided herewith]). In any event, the Supreme Court properly determined that the petitioner failed to establish that the Police Commissioner acted arbitrarily and capriciously, or abused his discretion, in issuing his directive that the petitioner return to modified duty pursuant to General Munici-

pal Law § 207-c as a desk officer. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.