■ In the Matter of DENNIS SCHURR, Petitioner, v JOHN B. WINGATE, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. [663 NYS2d 116] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Suffolk County Department of Social Services, dated April 1, 1996, which, after a hearing, terminated the petitioner's employment as a security guard.

Adjudged that the petition is granted to the extent that the determination with respect to Specification 34 is annulled, and that charge is dismissed, on the law, without costs or disbursements, the determination is otherwise confirmed, and the proceeding is dismissed on the merits.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of LaCanfora v Lloyd,* 229 AD2d 496). Contrary to the petitioner's contention, the hearing record amply supports the Commissioner's finding that he committed numerous acts of misconduct, which included refusing to assist fellow security guards and Social Services employees on three occasions when threatening situations arose. Although the petitioner denied that he had failed to provide assistance in situations involving potential danger to others, the charges were supported by the testimony of a number of witnesses, and it is well settled that a reviewing court may not weigh the evidence or reject the credibility determination made by the Hearing Officer where there is conflicting evidence and room for choice exists (*see, Matter of LaCanfora v Lloyd,* 229 AD2d 496, *supra; Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 711).

However, the Commissioner's determination with respect to Specification 34, which alleged that the petitioner had engaged in insubordinate conduct on March 7, 1994, must be annulled since this charge was withdrawn by the respondents during the hearing.

Finally, the penalty of dismissal was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see,*

*Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Parker v Blauvelt Volunteer Fire Co.,* 222 AD2d 437). Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.