■ In the Matter of MARYANN KELLY, Petitioner, v COUNTY OF NASSAU, Respondent. [666 NYS2d 489] —Proceeding pursuant to CPLR article 78 to review a determination of Joseph P. Jablonsky, the Nassau County Sheriff, dated June 8, 1995, which confirmed the findings of a Hearing Officer, dated May 22, 1995, which, after a hearing, concluded that the petitioner, a Correction Sergeant, is capable of performing light duty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The hearing record supports the Sheriff's determination that the petitioner is capable of returning to work in a light duty capacity. Significantly, four of the five physicians who examined the petitioner found that she could either return to her normal duties or perform at least light sedentary work. Although the petitioner contends that the Hearing Officer failed to give adequate weight to the report of the sole physician who opined that she was not capable of performing the usual duties of a Correction Officer and that light duty was not an option, it is well settled that a reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists (*see, Matter of Schurr v Wingate,* 243 AD2d 571; *Matter of Flynn v Pease,* 242 AD2d 331).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.