■ In the Matter of ELIZABETH CHADHA, Petitioner, v COUNTY OF NASSAU, Respondent. [669 NYS2d 370] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent County of Nassau, dated June 13, 1996, which, after a hearing, *inter alia*, found that the petitioner was capable of returning to a light-duty assignment, and directed that sick leave shall be charged to the petitioner from December 11, 1995, until the date of her return to work.

Adjudged that the petition is granted, on the law, to the extent that the determination is modified by deleting the provision thereof which directed that sick leave shall be charged to the petitioner from December 11, 1995, until the date of her return to work, and substituting therefor a provision stating that sick leave shall not be charged retroactively to the petitioner for the period commencing December 11, 1995, to June 13, 1996; as so modified, the determination is confirmed and the proceeding is otherwise dismissed on the merits, without costs or disbursements.

The petitioner, a Deputy Sheriff in the County of Nassau Sheriff's Department, sustained numerous on-the-job injuries

to her spine and neck. The petitioner was placed on work-related disability leave pursuant to General Municipal Law § 207-c. By internal correspondence from the County of Nassau (hereinafter the County) dated December 4, 1995, the petitioner was directed to return to full duty effective December 11, 1995, pursuant to a finding of the County's medical consultant that she was fit for full duty. The correspondence stated that if the petitioner disagreed with the determination concerning her fitness for duty, she would be entitled to a hearing. The correspondence further stated that if the petitioner refused to work until the hearing was completed, she would remain on work-related disability leave. However, if it was determined after a hearing that the petitioner was capable of performing the "specified duty", she would be charged the appropriate number of sick days for the period of time commencing with her refusal to work, and any payment made pursuant to General Municipal Law § 207-c would cease. The petitioner refused to return to work on December 11, 1995, pending a hearing.

After a hearing pursuant to General Municipal Law § 207-c, the Hearing Officer determined that the petitioner was fit for light duty and that the leave time previously charged as work-related disability leave should retroactively be charged to the petitioner's sick leave, commencing with the petitioner's refusal to work on December 11, 1995. These findings were adopted by the County.

Contrary to the petitioner's contention, she was afforded notice that suitable light duty may be assigned following a hearing adjudicating her return to duty. The notice was sufficient to enable her to adequately prepare a defense (see, Matter of Fitzgerald v Libous, 44 NY2d 660; Matter of Rivera v Rozzi, 149 AD2d 514).

Moreover, there was substantial evidence and a rational basis to support the Hearing Officer's determination that the petitioner was capable of returning to a light-duty assignment (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231). The record, including physicians' reports and opinions, and hearing testimony, is replete with evidence that the petitioner was fit to return to work on a light-duty basis. In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; Matter of Decker v Scoralick, 209 AD2d 517; Matter of McGarrell v Carter, 205 AD2d 633). A reviewing court should review the whole record to determine whether there exists a rational basis to support the findings upon which

the agency's determination is predicated (*see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358), and the discretionary decision of the Hearing Officer should not be disturbed unless the decision was irrational, dishonest, or unlawful (*see, Matter of K & M Turf Maintenance [Gallo],* 166 AD2d 445). Contrary to the petitioner's contention, the record is devoid of any evidence that the Hearing Officer was biased, nor was there any evidence that the outcome flowed from any alleged bias on the part of the Hearing Officer (*see, Matter of Warder v Board of Regents,* 53 NY2d 186).

However, we find that the petitioner was improperly charged sick leave from December 11, 1995, to June 13, 1996, the date of the hearing. In view of the fact that General Municipal Law 207-c is a remedial statute enacted for the benefit of law enforcement personnel, it must be liberally construed in favor of the petitioner (*see, Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382). Here, the correspondence dated December 4, 1995, stated that sick leave would be charged if, after a hearing, it was determined that the petitioner was capable of performing the "specified duty". The "specified duty" in this case was full duty. Since the Hearing Officer found that the petitioner was capable of returning only to a light-duty assignment, sick leave should not have been charged pursuant to the correspondence dated December 4, 1995. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.