In the Matter of RANDY HOSMER et al., Individually and as Adoptive Parents and Natural Guardians of CARL HOSMER, Respondents, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Appellant, et al., Respondent. [735 NYS2d 289] —Judgment unanimously vacated, determination confirmed without costs and petition dismissed. Memorandum: Because the issue raised in this CPLR article 78 proceeding is whether the determination following an evidentiary hearing is supported by substantial evidence, Supreme Court should have transferred the proceeding to this Court (*see*, CPLR 7804 [g]; *Matter of McKinnon v Board of Educ.*, 273 AD2d 240, 241). We consider the matter de novo, however, as if it had been properly transferred to us (*see, Matter of Benesch v Village of Clayton*, 185 AD2d 688, *lv denied* 81 NY2d 702, *rearg denied* 81 NY2d 912, *rearg dismissed* 83 NY2d 824).

Petitioners commenced this proceeding alleging that respondents should have awarded them post-adoption subsidies retroactive to the date of the adoption rather than the date of their application for such subsidies. The determination following a fair hearing that respondent Erie County Department of Social Services (DSS) did not mislead petitioners or fail to inform them of the availability of the post-adoption subsidies is not irrational and therefore must be upheld (*see, Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239). At the fair hearing, petitioners described devastating mental and emotional problems with their adopted child but were unable to recall the names of persons they contacted at DSS to inquire about post-adoption subsidies or the approximate dates on which they allegedly contacted those persons. In addition, petitioners never sent any written complaints to DSS, nor did they hire an advocate until 1998, eight years after the adoption was finalized. Conversely, the records of DSS regarding the adoption are devoid of any post-adoption contact. Absent statutory language that "expressly or by necessary implication requires [retroactive application of a statute]," retroactive effect will not be given to a statute (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584). Here, in the absence of statutory authority to grant retroactive benefits, those benefits may only be paid retroactive to the date on which petitioners established their eligibility for such benefits, which in this case is the date of petitioners' application therefor. "Absent ambiguity, the courts may not resort to rules of

construction to broaden the scope and application of a statute" by expanding an agency's liability (*Bender v Jamaica Hosp.*, 40 NY2d 560, 562). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.