■ In the Matter of JOHN CLOUSE, Petitioner, v ALLEGANY COUNTY, Respondent. [849 NYS2d 372]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Allegany County [Michael F. Griffith, A.J.], entered May 30, 2007) to annul a determination of respondent. The determination, inter alia, discontinued benefits petitioner was receiving pursuant to General Municipal Law § 207-c.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the Hearing Officer's determination that he was able to return to work as ordered by respondent on April 8, 2005. Petitioner had been receiving benefits pursuant to General Municipal Law § 207-c as a result of injuries that he received in the course of his work as a correction officer. We agree with petitioner that the Hearing Officer erred in considering whether petitioner's back injuries were causally related to the work incident because petitioner did not receive notice that causation would be at issue (*see Matter of Fitzgerald v Libous*, 44 NY2d 660 [1978]; *Matter of Rivera v Rozzi*, 149 AD2d 514, 516 [1989]). Nevertheless, that error is harmless because the determination of the Hearing Officer was based upon a finding that petitioner was not disabled from performing his job as of April 8, 2005. Although petitioner presented evidence establishing that he was unable to return to work as ordered, we conclude that the Hearing Officer's deter-

mination to the contrary is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The Hearing Officer was entitled to weigh the parties' conflicting medical evidence and to assess the credibility of the witnesses, and "[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists" (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75 [1983]; *see Matter of Morsman v County of Allegany*, 26 AD3d 890 [2006]).

In view of our determination, we need not reach respondent's contention that the petition is time-barred. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.