■ In the Matter of LISA STOUGHTENGER, Petitioner, v GLADYS CARRION, as Commissioner of New York State Office of Children and Family Services, et al., Respondents. [899 NYS2d 765]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Donald A. Greenwood, J.], entered September 8, 2008) to review a determination of respondents. The determination terminated petitioner's child care benefits.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner mother commenced this CPLR article 78 proceeding seeking to annul the determination terminating her child care benefits for one of her children on the ground that the child's father lives in proximity to the child and was available to provide child care. Supreme Court denied "the relief sought by the [mother] challenging . . . respondents' conduct on the ground that it was arbitrary and capricious" and transferred the remaining issues to this Court. We note at the outset that "[a]lthough the petition challenges the determination as 'arbitrary and capricious[ ]' [and an error of law,] 'it is apparent that a challenge is being made to the factual findings of [the Administrative Law Judge following a fair hearing]. Thus, regardless of the terms used by [the mother], a substantial evidence issue has been raised, necessitating transfer to this [C]ourt' . . . We therefore 'review the petition de novo as if it had been properly transferred [in its entirety]' " (*Matter of Re/ Max All-Pro Realty v New York State Dept. of State, Div. of Licensing Servs.*, 292 AD2d 831, 831 [2002], *lv denied* 98 NY2d 606 [2002]; *see Matter of Hosmer v New York State Off. of Children & Family Servs.*, 289 AD2d 1042, 1042 [2001]).

Contrary to the mother's contention, we conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Langler v County of Cayuga*, 68 AD3d 1775 [2009]). Social Services Law § 410 establishes when a public welfare official is required to furnish child care benefits. In pertinent part, it states that "[s]uch care may be provided only in cases where it is determined, under criteria established by the department [of social services], that there is a need therefor because of [the] inability of the parents to provide care and supervision . . . ." (§ 410 [1].) Pursuant to 18 NYCRR 415.2, a family is eligible for child care benefits "*when such care is not otherwise available from a legally responsible relative or caretaker* . . . and the care is a necessary part of a plan for self support" (emphasis added). A legally responsible relative "is any person who is legally obligated to furnish support for a spouse and child, or child only" (18 NYCRR 347.2 [c]), and a caretaker is "the child's parent, legal guardian or caretaker relative, or any other person in *loco parentis* to the child" (18 NYCRR 415.1 [d]). Thus, the child's father must be deemed unavailable before the mother is eligible for child care benefits, and the record of the fair hearing does not establish that the father was unavailable for child care when petitioner terminated the child care benefits for that child. At the time of the determination, he resided at the same address as the mother, although in a separate residential unit, and he was unemployed.

Further, the mother failed to present evidence of any court order, custody agreement or other circumstance rendering it inappropriate for him to care for the child.

The mother's procedural contentions were not raised during the fair hearing, and it is well established that "[a] petitioner may not raise a new claim in a proceeding pursuant to CPLR article 78 that was not raised in the administrative hearing under review" (*Matter of Myles v Doar*, 24 AD3d 677, 678 [2005]; *see Matter of Ambery v Board of Trustees of N.Y. City Fire Dept., Art. I-B Pension Fund*, 298 AD2d 582 [2002], *lv denied* 100 NY2d 509 [2003]; *Matter of Mecca v Dowling*, 210 AD2d 821, 824 [1994], *lv denied* 85 NY2d 809 [1995]). Present—Smith, J.P., Carni, Pine and Gorski, JJ.