In the Matter of Rosalind R., Petitioner, v New York State Office of Children and Family Services, Respondent. [916 NYS2d 263]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of respondent which denied petitioner's request for retroactive increases in certain adoption subsidy payments.

As is relevant here, petitioner is the adoptive mother of four "hard to place" children (see 18 NYCRR 421.24 [a] [3])—Kimberlee (born in 1980), Kellianne (born in 1981), Nathan (born in 1989) and Gerry (born in 1990)—for whom she has received adoption subsidy payments.[1] In 2008, the Tompkins County Department of Social Services (hereinafter DSS) denied petitioner's applications for retroactive upgrades in the children's subsidy rates from the "basic" level to the "exceptional" level. Petitioner requested a hearing before respondent, following which respondent upheld the decision of DSS. This CPLR article 78 proceeding challenging that determination ensued.

On this record, we find that substantial evidence supports respondent's determination that petitioner's daughters no longer qualified for adoption subsidy payments and that her two sons do not qualify for the "exceptional" level of payment (see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]; Matter of Sulker v Johnson, 60 AD3d 411 [2009]; Matter of Hosmer v New York State Off. of Children & Family Servs., 289 AD2d 1042, 1042 [2001]). Initially, according to the relevant statutory authority, adoption subsidy payments are made to the adoptive parent only until the child's twenty-

---

1. Petitioner also has two other adopted children who are not at issue in this proceeding.

first birthday (see Social Services Law § 453 [1] [a]). Inasmuch as Kimberlee and Kellianne were both over the age of 21 at the time petitioner applied for an upgraded subsidy, respondent's determination that there was no legal basis to make payments to petitioner for these children has a substantial basis in the record. Moreover, petitioner's allegations that the girls were diagnosed with unspecified learning disabilities and post-traumatic stress disorder, which allegations were not supported by any current psychological or medical documentation, were insufficient to establish that they had ever qualified for the "exceptional" level of payment (see 18 NYCRR 427.6 [d] [3]).

The record also supports the determination that petitioner did not establish that Gerry and Nathan qualified for the "exceptional" level of payment based on their behavior problems. For children to qualify for the "exceptional" level on that basis, it must be established that they "have severe behavior problems characterized by the infliction of violence on themselves, other persons or their physical surroundings, and who have been certified by a qualified psychiatrist or psychologist as requiring high levels of individual supervision in the home" (18 NYCRR 427.6 [d] [3]). While petitioner demonstrated that her sons have some behavioral and substance abuse problems, she provided no documentation to support a finding that either boy was violent and offered no proof that a psychologist or psychiatrist had certified that either boy required a high level of individual supervision.[2] Moreover, the medical documentation that petitioner did submit was not up to date, despite the fact that DSS repeatedly informed petitioner that more current documentation was required.

Finally, inasmuch as petitioner did not provide sufficient evidence to establish that any of the children ever qualified for the "exceptional" rate of payment, her claim that she is entitled to a retroactive increase in subsidy payments is unavailing. Her contention that she was unaware of the adoption subsidy program until 2006 is belied by the existence of adoption subsidy contracts, which were executed at the time of the adoptions, and petitioner's admitted receipt of subsidy payments since that

---

2. The record reflects that, in 2005, DSS determined that Gerry qualified for the "special" rate of payment (see 18 NYCRR 427.6 [c]) based upon a recent medical evaluation indicating that Gerry had a conduct disorder and cannabis dependence and sent petitioner a new adoption subsidy agreement. Although petitioner was supposed to only sign the agreement and return it to DSS, she improperly altered the form to indicate that Gerry qualified for the "exceptional" rate and also backdated it to the date of Gerry's adoption, which caused the agreement to be rejected by DSS and the State Adoption Service.

time. Any contention not specifically addressed herein has been considered and determined to be without merit.

Peters, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.