■ In the Matter of DONALD F. HOWELL, Petitioner, v COUNTY OF ALBANY et al., Respondents. [962 NYS2d 799]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Albany County Sheriff suspending petitioner's General Municipal Law § 207-c benefits.

Petitioner is employed as a correction officer by respondent Albany County Sheriff's Office. He was attacked by an inmate at the Albany County Correctional Facility in September 2009, and the Workers' Compensation Board established his claim for injuries to his head, face, neck and right arm, as well as consequential depression, anxiety and seizures. He thereafter received General Municipal Law § 207-c benefits. After petitioner refused respondents' offer of a light duty assignment, a hearing was held regarding the extent of his disability. A Hearing Officer recommended that petitioner be found capable of performing light duty. Respondent Albany County Sheriff adopted the recommendation and ordered petitioner to report for a light duty assignment or face suspension of his section 207-c benefits, prompting this proceeding.

We confirm. Petitioner argues that the Sheriff's determination was made in violation of his due process rights because the Hearing Officer refused to consider proof that petitioner suffered from posttraumatic stress disorder, and considered evidence outside the record.* "The right of a disabled officer to receive section 207-c disability payments constitutes 'a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated' " (*Matter of Park v Kapica*, 8 NY3d 302, 310 [2007], quoting *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691 [2000]). The statute does not provide a procedural framework for making such determinations, and municipalities are free to establish their own procedures, consistent with or exceeding what is required by due process, through collective bargaining (*see Matter of Park v Kapica*, 8 NY3d at 311; *Matter of Richards v City of Binghamton*, 80 AD3d 1022, 1023 [2011]). It is settled, however, that *due process* does not entitle a petitioner to a hearing upon "the issuance of a report for [a] light duty order . . .

---

* The proceeding was improperly transferred to this Court because the petition does not raise a question of substantial evidence; nonetheless, we retain jurisdiction in the interest of judicial economy (*see Matter of Pozefsky v Jung*, 268 AD2d 646, 647 [2000]).

unless [an officer] on section 207-[c] status has brought that determination into issue by the submission of a report by a personal physician expressing a contrary opinion" (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d at 692 [citation omitted]). That is, "due process does not require a hearing . . . until the employee has raised a genuine dispute on [the] operative facts" (*id.* at 693; *see Matter of Davis v County of Westchester*, 42 AD3d 791, 793 [2007], *appeal dismissed* 9 NY3d 953 [2007]).

Here, petitioner was afforded due process. He contested respondents' light duty determination on the ground that his established psychiatric and mental health issues prevented him from returning to work, and was afforded a predetermination hearing in which he was able to present his own witnesses and cross-examine respondents' witnesses. In our view, the Hearing Officer did not violate petitioner's procedural due process rights by refusing to consider evidence that he suffered from posttraumatic stress disorder inasmuch as there is no indication in the record before us that petitioner put that diagnosis in issue—i.e., he raised no genuine dispute with respect to that diagnosis, as opposed to his established claims—prior to offering his expert's testimony at the hearing (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d at 692-693). Finally, we reject petitioner's argument that the Hearing Officer considered evidence outside the record when he noted, in the context of his assessment of the credibility of petitioner's witnesses, his observations of petitioner's demeanor while leaving the hearings.

Spain, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.