# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

916

TP 13-00235

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CHARLIE CHILDS, PETITIONER,

V                                          MEMORANDUM AND ORDER

CITY OF LITTLE FALLS AND CITY OF LITTLE FALLS
FIRE AND POLICE BOARD, RESPONDENTS.

---

GLEASON, DUNN, WALSH & O'SHEA, ALBANY (RONALD G. DUNN OF COUNSEL), FOR
PETITIONER.

MARK CURLEY, CORPORATION COUNSEL, UTICA (ARMOND J. FESTINE OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Herkimer County [Normal I. Siegel, A.J.], entered January 25, 2013) to review a determination of respondents. The determination terminated the benefits petitioner was receiving pursuant to General Municipal Law § 207-a.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent City of Little Falls Fire and Police Board that adopted the decision and recommendation of the Hearing Officer and terminated the benefits petitioner had been receiving pursuant to General Municipal Law § 207-a as a result of injuries that he purportedly sustained in the course of his work as a firefighter. On March 18, 2005, petitioner injured his neck and was disabled from work. He was receiving benefits pursuant to section 207-a until 2010, when respondent City of Little Falls appointed a hearing officer and commenced an administrative proceeding to determine whether petitioner's section 207-a benefits should be terminated.

Contrary to petitioner's contention, respondents properly terminated his benefits upon establishing that his disability from work was not causally related to his job duties (*see generally Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499; *Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept.*, 72 AD3d 832, 834). Contrary to petitioner's further contention, we conclude that the Hearing Officer's determination that petitioner's disability was not causally related to his job duties is supported by substantial

evidence (*see Matter of Clouse v Allegany County*, 46 AD3d 1381, 1381-1382; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).  Although petitioner presented evidence to the contrary, "[t]he Hearing Officer was entitled to weigh the parties' conflicting medical evidence and to assess the credibility of witnesses, and '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (*Clouse*, 46 AD3d at 1382, quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75; *see Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court