# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1402**

**TP 13-00689**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ROBERT QUINTANA, PETITIONER,

V                                                                MEMORANDUM AND ORDER

CITY OF BUFFALO, RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR PETITIONER.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MARY B. SCARPINE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Patrick H. NeMoyer, J.], entered April 15, 2013) to annul a determination finding that petitioner was capable of returning to his employment as a police officer in a light-duty capacity.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a hearing, that he is capable of returning to work in a light-duty capacity. Petitioner had been receiving benefits pursuant to General Municipal Law § 207-c as a result of injuries that he received in the course of his work as a police officer. After receipt of an independent medical examination (IME) report indicating that petitioner was able to return to work in a light-duty capacity, respondent assigned petitioner to work as a camera monitor in the police video surveillance room.

We note at the outset Supreme Court should have transferred the entire proceeding to this Court, rather than first disposing of certain contentions of petitioner. The amended petition raises a substantial evidence question, and the remaining points made by petitioner are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g) (*see Matter of Putnam Cos. v Shah,* 93 AD3d 1315, 1316, *lv denied* 19 NY3d 811; *Matter of Wynne v Town of Ramapo*, 286 AD2d 338, 339). Nonetheless, because the record is now before us, we will "treat the proceeding as if it had been properly transferred here in its entirety" (*Wynne*, 286 AD2d at 339), and review petitioner's contentions de novo (*see Putnam Cos.*, 93 AD3d at 1316; *Matter of Brunner v Bertoni*, 91 AD3d 1100, 1102 n).

It is well established that "the scope of [a] CPLR article 78 proceeding, following an administrative hearing, is limited to review of the issues raised and addressed in that hearing" (*Matter of Cummings v New York State Dept. of Motor Vehs.*, 87 AD3d 1347, 1348 [internal quotation marks omitted]; *see Matter of Vicari v Wing*, 244 AD2d 974, 976).  Thus, " '[a] petitioner may not raise a new claim in a proceeding pursuant to CPLR article 78 that was not raised in the administrative hearing under review' " (*Matter of Stoughtenger v Carrion*, 72 AD3d 1484, 1486).  Here, petitioner raises several contentions for the first time in his amended petition, including that the hearing violated his due process rights, and, therefore, those contentions are not properly before us (*see Matter of Molinsky v New York State Dept. of Motor Vehs.*, 105 AD3d 960, 960-961; *Stoughtenger*, 72 AD3d at 1486; *Matter of Mugalli v New York State Liq. Auth.*, 256 AD2d 1116, 1116).

With respect to petitioner's remaining contentions, we conclude that the Hearing Officer's determination that petitioner was able to return to work in a light-duty capacity is supported by substantial evidence (*see Matter of Clouse v Allegany County*, 46 AD3d 1381, 1381-1382; *Matter of Chadha v County of Nassau,* 248 AD2d 465, 466; *Matter of Flynn v Pease*, 242 AD2d 331, 331-332).  "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see Matter of Lundy v City of Oswego*, 59 AD3d 954, 955).  "A reviewing court in passing upon this question of law may not substitute its own judgment of the evidence for that of the administrative agency, but should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated" (*Matter of Purdy v Kreisberg*, 47 NY2d 354, 358; *see Chadha*, 248 AD2d at 466-467).

Here, there is ample evidence in the record, including expert medical testimony, petitioner's medical records, and several IME reports, to support the Hearing Officer's determination that petitioner was fit to return to work on a light-duty basis (*see Chadha*, 248 AD2d at 466; *Flynn*, 242 AD2d at 332).  Although petitioner's primary care physician stated that petitioner was totally disabled and unable to return to work in any capacity, his progress notes contain no basis for that opinion aside from petitioner's subjective complaints of pain, and he acknowledged that petitioner had no trouble with activities of daily living, including bathing, communicating, dressing, eating, grooming, or driving.  In any event, "[t]he Hearing Officer was entitled to weigh the parties' conflicting medical evidence and to assess the credibility of the witnesses, and '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (*Clouse*, 46 AD3d at 1382, quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75; *see Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802,

802-803).

Contrary to the contention of petitioner, the record reflects that both respondent's expert and the Hearing Officer considered the specific duties of a camera monitor and petitioner's ability to perform those duties. The police captain who oversees the surveillance room testified in detail about the duties of a camera monitor, the camera monitor job description was received in evidence at the hearing, and the Hearing Officer conducted a site visit to the surveillance room. With respect to petitioner's contention that the Hearing Officer failed to consider the impact of petitioner's medications on his ability to perform the duties of a camera monitor, we note that petitioner submitted no evidence at the hearing that his medications rendered him unable to perform the position at issue (*see Flynn*, 242 AD2d at 332). Although respondent's expert testified that two of petitioner's medications could potentially affect alertness, he further testified that petitioner had been taking those medications for so long that he did not expect any problems with petitioner's ability to perform the duties of a camera monitor (*see generally id.* at 331-332).

Entered:  February 7, 2014                    Frances E. Cafarell
                                             Clerk of the Court