# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

70

TP 13-01319

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF SHARON ANDERSON, PETITIONER,

V                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, RESPONDENT.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR PETITIONER.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MARY B. SCARPINE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Henry J. Nowak, Jr., J.], granted July 19, 2013) to annul a determination of respondent. The determination adjudged that petitioner was fit to return to light-duty work.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the Hearing Officer's determination that she was able to return to work on November 16, 2012, as ordered by respondent. Petitioner had been receiving benefits pursuant to General Municipal Law § 207-c as a result of injuries that she sustained in the course of her work as a police officer.

We reject petitioner's contention that respondent's procedure in determining her entitlement to benefits deprived her of due process. Petitioner, who was represented by counsel at the hearing, was "given the opportunity to contest" the opinion of the City's expert that she could return to work in a light duty capacity by testifying at the hearing as well as "presenting [her] own witnesses and cross-examining [respondent's] witnesses" (*Matter of Park v Kapica*, 8 NY3d 302, 311; *see Matter of Howell v County of Albany*, 105 AD3d 1122, 1124). Moreover, respondent "did not terminate [her] disability benefits at any time prior to [her] hearing" (*Park*, 8 NY3d at 311). We therefore conclude that respondent's procedure "sufficiently met the dictates of due process" (*id.*; *see also Howell*, 105 AD3d at 1124).

We reject petitioner's further contention that the Hearing Officer erred in determining that petitioner was able to return to

work.  Although petitioner presented evidence establishing that she was unable to return to work as ordered, "[t]he Hearing Officer was entitled to weigh the parties' conflicting medical evidence . . . , and '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (*Matter of Clouse v Allegany County*, 46 AD3d 1381, 1382, quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75).

Finally, petitioner's contentions that respondent failed to comply with General Municipal Law § 207-c (3) and (4) are not properly before us inasmuch as petitioner failed to exhaust her administrative remedies with respect thereto (*see Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834; *see also Matter of Cummings v New York State Dept. of Motor Vehs.*, 87 AD3d 1347, 1348).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court