# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

TP 15-01229

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF JEFFREY TAMSEN, PETITIONER,

V                                                    MEMORANDUM AND ORDER

VILLAGE OF KENMORE, RESPONDENT.

---

W. JAMES SCHWAN, BUFFALO, FOR PETITIONER.

BOND, SCHOENECK & KING, PLLC, BUFFALO (MARK A. MOLDENHAUER OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [James H. Dillon, J.], entered April 17, 2015) to review a determination of respondent. The determination terminated the employment of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty of misconduct and terminating his employment as a firefighter. Contrary to petitioner's contention, we conclude that the determination is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see* CPLR 7803 [4]). We likewise reject petitioner's contention that the Hearing Officer erred in determining that he misrepresented the facts of the 911 call underlying this proceeding. Although petitioner presented evidence to the contrary, "[t]he Hearing Officer was entitled to weigh the parties' conflicting . . . evidence and to assess the credibility of witnesses, and '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (*Matter of Clouse v Allegany County*, 46 AD3d 1381, 1382, quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75; *see Matter of Childs v City of Little Falls*, 109 AD3d 1148, 1149). We further conclude that the penalty imposed is not " 'so disproportionate to the offense[s] as to be shocking to one's sense of fairness,' " and thus it does not constitute an abuse of discretion

(*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854).

Entered:  February 5, 2016          Frances E. Cafarell
                                                  Clerk of the Court