Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [James H. Dillon, J.], entered Apr. 17, 2015) to review a determination of respondent. The determination terminated the employment of petitioner.
It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty of misconduct and terminating his employment as a firefighter. Contrary to petitioner’s contention, we conclude that the determination is supported by substantial evidence, i.e., “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see CPLR 7803 [4]). We likewise reject petitioner’s contention that the Hearing Officer erred in determining that he misrepresented the facts of the 911 call underlying this proceeding. Although petitioner presented evidence to the contrary, “[t]he Hearing Officer was entitled to weigh the parties’ conflicting . . . evidence and to assess the credibility of the witnesses, and ‘[w]e may not weigh the evidence or reject [the Hearing Officer’s] choice where the evidence is conflicting and room for a choice exists’ ” (Matter of Clouse v Allegany County, 46 AD3d 1381, 1382 [2007], quoting Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd., 59 NY2d 69, 75 [1983]; see Matter of Childs v City of Little Falls, 109 AD3d 1148, 1149 [2013]). We further conclude that the penalty imposed is not “ ‘so disproportionate to the offense [s] as to be shocking to one’s sense of fairness,’ ” and thus it does not constitute an abuse of discretion (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d *1276 854 [2001]).
Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.