# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

309

TP 16-01446

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ADOLPHUS BARKOR, PETITIONER,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, RESPONDENT.

---

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (CATHERINE CREIGHTON OF COUNSEL), FOR PETITIONER.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MARY B. SCARPINE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Catherine R. Nugent Panepinto, J.], entered August 19, 2016) to review a determination of respondent. The determination denied petitioner benefits pursuant to General Municipal Law § 207-c.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, a City of Buffalo police officer, commenced this CPLR article 78 proceeding seeking to annul the determination of the Hearing Officer that he is not entitled to General Municipal Law § 207-c benefits. At the time of the subject on-duty injury, petitioner was already receiving benefits pursuant to section 207-c as a result of prior on-duty injuries. After returning to work in a light-duty capacity in the camera room, petitioner twisted his ankle exiting the restroom and allegedly exacerbated the prior injuries. Following a hearing, the Hearing Officer determined that petitioner was able to perform his light-duty assignment in the camera room and thus was not totally disabled. We agree with respondent that the Hearing Officer's determination that petitioner could continue to perform the duties of a camera monitor is supported by substantial evidence (*see Matter of Hensel v City of Utica*, 115 AD3d 1217, 1218, *lv denied* 23 NY3d 908, *rearg denied* 24 NY3d 975; *Matter of Quintana v City of Buffalo*, 114 AD3d 1222, 1223-1224, *lv denied* 23 NY3d 902; *Matter of Clouse v Allegany County*, 46 AD3d 1381, 1381-1382).

Although petitioner presented evidence suggesting that he was not able to work at all, the Hearing Officer instead credited other evidence that petitioner could perform a light-duty assignment. "The

Hearing Officer was entitled to weigh the parties' conflicting medical evidence" (*Clouse*, 46 AD3d at 1382), and " '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (*id.*, quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75; *see Matter of Anderson v City of Buffalo*, 114 AD3d 1160, 1161; *Quintana*, 114 AD3d at 1224). Further, petitioner did not prove that any medication he was taking sedated him to the point of not being able to perform his duties in the camera room (*see Quintana*, 114 AD3d at 1225).

Inasmuch as petitioner never claimed during the hearing that respondent failed to pay specific medical expenses, his contention in that regard is not properly before us (*see Matter of Molinsky v New York State Dept. of Motor Vehs.*, 105 AD3d 960, 960-961). "It is well established that the scope of [a] CPLR article 78 proceeding, following an administrative hearing, is limited to review of the issues raised and addressed in that hearing" (*Quintana*, 114 AD3d at 1223 [internal quotation marks omitted]).

Entered: March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court