■ In the Matter of ERIE COUNTY SHERIFF'S POLICE BENEVOLENT ASSOCIATION, INC., et al., Petitioners, v COUNTY OF ERIE et al., Respondents. [60 NYS3d 884]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered February 24, 2017) to review a determination of respondents. The determination adjudged that petitioner Todd R. Jones is not entitled to benefits pursuant to General Municipal Law § 207-c.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the determination that Todd R. Jones (petitioner), a deputy sheriff, was not injured in the line of duty and thus is not entitled to General Municipal Law § 207-c benefits. After a hearing, the Hearing Officer issued a report recommending that petitioner's application for such benefits be denied on the ground that there was no causal link between petitioner's alleged injuries and his struggle with a defendant he was transporting three days prior to his back spasm. We reject petitioners' contention that petitioner was entitled to benefits. "The Hearing Officer was entitled to weigh the parties' conflicting medical evidence and to assess the credibility of the witnesses, and '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (*Matter of Clouse v Allegany County*, 46 AD3d 1381, 1382 [2007]; *see Matter of Barkor v City of Buffalo*, 148 AD3d 1655, 1656 [2017]; *Matter of Anderson v City of Buffalo*, 114 AD3d 1160, 1161 [2014]).

We have reviewed petitioners' remaining contentions, including their assertion that the Hearing Officer applied the incorrect standard of review, and conclude that they are without merit. Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.