Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie (2018 NY Slip Op 02076)





Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie


2018 NY Slip Op 02076


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


334 TP 17-01844

[*1]IN THE MATTER OF ERIE COUNTY SHERIFF'S POLICE BENEVOLENT ASSOCIATION, INC., AND GREGORY MCCARTHY, PETITIONERS,
v
COUNTY OF ERIE AND TIMOTHY B. HOWARD, SHERIFF OF ERIE COUNTY, RESPONDENTS. 






BARTLO, HETTLER, WEISS & TRIPI, KENMORE (PAUL D. WEISS OF COUNSEL), FOR PETITIONERS. 
THE MACHELOR LAW FIRM, AMHERST (KRISTEN M. MACHELOR OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Mark J. Grisanti, A.J.], entered October 20, 2017) to review a determination denying the application of petitioner Gregory McCarthy for benefits pursuant to General Municipal Law § 207-c. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the determination following a hearing that Gregory McCarthy (petitioner), a deputy sheriff, was not injured in the line of duty and, thus, is not entitled to disability benefits under General Municipal Law § 207-c. The Hearing Officer issued a report recommending that petitioner's application for such benefits be denied on the ground that there is no causal link between petitioner's alleged cervical injury and his slip and fall, which occurred during a training exercise two years prior to his claim for benefits. Contrary to petitioners' contention, we see no basis to disturb the Hearing Officer's determination denying the benefits.
Initially, we note that Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) on the ground that the petition raised a substantial evidence issue. "Respondent's determination was not made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law' (CPLR 7803 [4]). Rather, the determination was the result of a hearing conducted pursuant to the terms of the collective bargaining agreement" (Matter of Ridge Rd. Fire Dist. v Schiano, 41 AD3d 1219, 1220 [4th Dept 2007]; see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Unified Ct. Sys., 138 AD3d 1444, 1444 [4th Dept 2016]). Nevertheless, in the interest of judicial economy, we consider the merits of the petition (see Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, 138 AD3d at 1444-1445).
Despite the fact that the petition raises a substantial evidence issue, our review of this administrative determination is limited to whether the determination "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). A determination "is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts . . . An agency's determination is entitled to great deference . . . and, [i]f the [reviewing] court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Thompson v Jefferson County Sheriff John P. Burns, 118 AD3d 1276, 1277 [*2][4th Dept 2014] [internal quotation marks omitted]).
Petitioners do not contend that the Hearing Officer's determination is affected by an error of law and, viewing the administrative record as a whole, we conclude that the determination is not arbitrary and capricious or an abuse of discretion. In order to establish eligibility for benefits pursuant to General Municipal Law § 207-c, a petitioner must "prove a direct causal relationship between job duties and the resulting illness or injury" (Matter of White v County of Cortland, 97 NY2d 336, 340 [2002]). Here, the Hearing Officer's determination that petitioner's injury is not causally related to the work-related slip and fall is not arbitrary and capricious or an abuse of discretion. Although petitioners presented evidence to the contrary, "[t]he Hearing Officer was entitled to weigh the parties' conflicting medical evidence and to assess the credibility of the witnesses, and [w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (Matter of Clouse v Allegany County, 46 AD3d 1381, 1382 [4th Dept 2007]; see Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie, 153 AD3d 1657, 1658 [4th Dept 2017]; Matter of Childs v City of Little Falls, 109 AD3d 1148, 1149 [4th Dept 2013]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court