Matter of Cordway v Cayuga County (2018 NY Slip Op 04873)





Matter of Cordway v Cayuga County


2018 NY Slip Op 04873


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


569 TP 17-01878

[*1]IN THE MATTER OF THOMAS CORDWAY, PETITIONER,
v
CAYUGA COUNTY, CAYUGA COUNTY SHERIFF'S OFFICE AND DAVID S. GOULD, AS CAYUGA COUNTY SHERIFF, RESPONDENTS. 






ENNIO J. CORSI, GENERAL COUNSEL, NEW YORK STATE ENFORCEMENT OFFICERS UNION, COUNCIL 82, AFSCME, AFL-CIO, ALBANY (A. ANDRE DALBEC OF COUNSEL), FOR PETITIONER.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (SUZANNE O. GALBATO OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered October 16, 2017) to review a determination of respondents. The determination terminated benefits petitioner was receiving pursuant to General Municipal Law § 207-c. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner, a deputy sheriff, commenced this CPLR article 78 proceeding challenging the determination that terminated the disability benefits he had been receiving under General Municipal Law § 207-c. The Hearing Officer issued a report recommending that petitioner's continued receipt of benefits be terminated. Contrary to petitioner's contention, we see no basis to disturb the Hearing Officer's determination terminating the benefits.
We conclude that the Hearing Officer's determination is supported by substantial evidence (see Matter of Quintana v City of Buffalo, 114 AD3d 1222, 1223-1224 [4th Dept 2014], lv denied 23 NY3d 902 [2014]). Here, although petitioner presented evidence that his alleged injuries and ailments were causally related to the work-related slip and fall, respondents presented evidence to the contrary. "[T]he Hearing Officer was entitled to weigh the parties' conflicting medical evidence and to assess the credibility of the witnesses, and [w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists" (Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie, 159 AD3d 1561, 1562 [4th Dept 2018] [internal quotation marks omitted]).
Contrary to petitioner's remaining contention, respondents' initial award of section 207-c benefits does not require the continuation of such benefits inasmuch as "[t]he continued receipt of section 207-c disability payments is not absolute" (Matter of Park v Kapica, 8 NY3d 302, 310 [2007]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court