Matter of Blandford v New York State Off. of Temporary & Disability Assistance (2021 NY Slip Op 06234)





Matter of Blandford v New York State Off. of Temporary & Disability Assistance


2021 NY Slip Op 06234


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


741 TP 21-00357

[*1]IN THE MATTER OF JAMES R. BLANDFORD, AS LIMITED ADMINISTRATOR OF THE ESTATE OF MARGARET BLANDFORD, DECEASED, PETITIONER,
v
NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE AND ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 






BALDWIN, SUTPHEN & FRATESCHI, PLLC, SYRACUSE (ROBERT F. BALDWIN, JR., OF COUNSEL), FOR PETITIONER. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Gerard J. Neri, J.], entered February 11, 2021) to review a determination of respondents. The determination denied the application of decedent for Medicaid benefits. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed against respondent New York State Office of Temporary and Disability Assistance, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Margaret Blandford (decedent) commenced this CPLR article 78 proceeding challenging the determination denying her application for Medicaid benefits on the ground that she failed to provide documentation necessary to determine her eligibility for such benefits. Decedent applied for benefits in November 2016, which respondent Onondaga County Department of Social Services (OCDSS) denied by notice sent on May 27, 2017, based on decedent's failure to adequately respond to OCDSS' demands for supporting documents. At the fair hearing conducted on the administrative appeal filed by decedent, an OCDSS representative submitted evidence tending to establish that the agency requested documentation regarding varying aspects of decedent's financial situation by letters dated December 6, 2016, January 30, 2017, March 22, 2017 and May 10, 2017. OCDSS also submitted evidence tending to establish that, in response to the first three letters, decedent, acting through counsel, provided some but not all of the documents requested by OCDSS, and that neither decedent nor her attorney responded to the May 10th letter. Decedent's attorney indicated that a series of unfortunate incidents occurred during the time period, including that his office was flooded causing him to relocate the office, that the flooding caused decedent's records to become infested with mold, that counsel had several outpatient procedures to remove skin cancers during the relevant time period, and that he traveled out of the country during that time. He further established that the May 10th letter arrived in his office while he was overseas, but he did not see the letter until after he received OCDSS' May 27th notice that it had denied decedent's application. The agency representative submitted evidence that the assistant to decedent's attorney was working when the May 10th letter was received, and that the assistant had previously sought an extension of time in this matter but took no action after the receipt of the May 10th letter. Although decedent's attorney has repeatedly stated that he has the information sought by OCDSS and wished to submit it, he has not done so at any time, including at the fair hearing when he indicated that he had the information with him, and in his submissions in conjunction with this proceeding.
The designee of the Commissioner of Health upheld the denial of Medicaid benefits, concluding that decedent and her attorney failed to provide OCDSS with the eligibility documentation as required, and that they also failed to contact OCDSS to request assistance or an [*2]extension to submit the documentation. The designee concluded that the attorney's explanations were vague, self-serving, and uncorroborated, especially in light of the evidence that the attorney was back from his travels by May 16th but failed to take any action, including failing to read his mail, before the deadline of May 25th.
Decedent appealed from that determination, and respondent New York State Office of Temporary and Disability Assistance (OTDA) affirmed the denial of Medicaid benefits, concluding that decedent failed to establish good cause for the failure to provide the eligibility documentation in response to OCDSS' repeated requests for information. Decedent subsequently commenced this CPLR article 78 proceeding challenging the denial of benefits, and petitioner was substituted as the estate representative after decedent passed away. Supreme Court, inter alia, granted petitioner's request for a default judgment against OCDSS, stayed entry of that judgment pending final determination of this proceeding, and transferred the proceeding to this Court to review a question of substantial evidence pursuant to CPLR 7804 (g). We confirm the determination.
It is well settled that, " '[j]udicial review of an administrative determination made after a hearing at which evidence was taken is limited to whether the determination is supported by substantial evidence based upon the entire record' " (Matter of Tip-A-Few, Inc. v Caliva, 196 AD3d 1040, 1040-1041 [4th Dept 2021]; see CPLR 7803 [4]; Matter of Jason B. v Novello, 12 NY3d 107, 114 [2009]; Matter of B.P. Global Funds, Inc. v New York State Liq. Auth., 169 AD3d 1506, 1506 [4th Dept 2019]). Therefore, "[a]lthough the [amended] petition challenges the determination as arbitrary and capricious[ and affected by an error of law,] it is apparent that a challenge is being made to the factual findings of the [Commissioner's designee following a fair hearing]. Thus, regardless of the terms used by [petitioner], a substantial evidence issue has been raised" (Matter of Stoughtenger v Carrion, 72 AD3d 1484, 1485 [4th Dept 2010] [internal quotation marks omitted]). Here, based on the evidence discussed above, we conclude that substantial evidence supports the determination.
Petitioner's remaining contentions are academic in light of our determination. We therefore confirm the determination and dismiss the amended petition against OTDA, and remit the matter to Supreme Court for further proceedings with respect to the default judgment against OCDSS.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court