Appeal from a judgment (denominated order) of Supreme Court, Lewis County (McGuire, J.), entered June 13, 2002, which annulled a determination finding that petitioner violated Public Health Law § 1399-cc (2) by selling tobacco products to a minor.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously vacated, the determination is annulled on the law without costs and the petition is granted.
Memorandum: Petitioner commenced this proceeding seeking to annul the determination that he sold tobacco products to a person under the age of 18 in violation of Public Health Law § 1399-cc (2). Respondent, New York State Department of Health (DOH), appeals from a judgment annulling the determination as arbitrary and capricious. We conclude that Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g). Although the court may dispose of “such other objections [in point of law] as could terminate the proceeding” (CPLR 7804 [g]), an “objection in point of law” is one raised either by respondent in the answer or by petitioner in response to “new matter contained in the answer” (7804 [f]). As this Court previously noted in Matter of Donofrio v City of Rochester (144 AD2d 1027, 1028 [1988], lv denied 73 NY2d 708 [1989], quoting McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7804:7), “ ‘[t]he apparént purpose of [subdivision (f) of CPLR 7804 referring to objections in point of law] is to permit a motion under any ground specified in CPLR 3211.’ ” Because the petition herein raises a substantial evidence issue and the issue found determinative by the court was not an objection “that could have terminated the proceeding within the meaning of CPLR 7804 (g), . . . Supreme Court should have transferred the entire proceeding to the Appellate Division” (Matter of Town of Cortlandt v New York State *995 Bd. of Real Prop. Servs., 288 AD2d 388, 389; see Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, 289 AD2d 231 [2001], affd 98 NY2d 758 [2002]). We “consider the matter de novo, however, as if it had been properly transferred to us” (Matter of Hosmer v New York State Off. of Children & Family Servs., 289 AD2d 1042, 1042 [2001]; see Al Turi Landfill, 289 AD2d at 231).
We conclude that the determination is not supported by substantial evidence and therefore must be annulled. “Hearsay evidence can be the basis of an administrative determination” and, if sufficiently relevant and probative, may alone constitute substantial evidence (Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]; see People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). In this case, the DOH presented the testimony of the investigator who observed the sale of cigarettes to a “student aide” who was employed by the DOH. When asked how the aide’s age was verified, the investigator stated that, in order to be hired, the aides were required to present documentary evidence verifying their age. The investigator did not testify that he, personally, verified the aide’s age. The DOH refused to present the documentary evidence allegedly provided by the aide, nor did the DOH present any testimony from the aide. Under the circumstances, “including the total lack of corroborative evidence,” the determination that petitioner violated Public Health Law § 1399-cc (2) is not supported by substantial evidence (Matter of Alegre Deli v New York State Liq. Auth., 298 AD2d 581, 582 [2002]; cf. Matter of Abdelrahman v New York State Liq. Auth., 209 AD2d 405 [1994]). We therefore vacate the judgment, annul the determination and grant the petition. Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.