In the Matter of GENOVESE DRUG STORES, INC., Appellant, v BRIAN L. HARPER et al., Respondents. [854 NYS2d 191]—

Judicial review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239 [1997]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Moreover, " '[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of Berenhaus v Ward,* 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 267 [1940]).

Here, the respondent Department of Health Services, Suffolk County (hereinafter the DOH) presented the testimony of several investigators, who testified that, during the course of three separate "sting" operations, they personally witnessed the petitioner's employees sell cigarettes to persons they knew to be under the age of 18. The DOH further submitted the birth certificates of the three minors involved, as proof that they were under the age of 18 at the time of the transactions. Contrary to the petitioner's contention, this constituted substantial evidence that the petitioner violated Public Health Law § 1399-cc

(3) (cf. Matter of Hoch v New York State Dept. of Health, 1 AD3d 994 [2003]).

The petitioner's remaining contentions are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.