■ In the Matter of FRIENDLY CONVENIENCE, INC., Petitioner, v THE NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Respondents. [899 NYS2d 151]—

Determination of respondents, dated June 27, 2008, after a hearing, that petitioner had sold cigarettes to a minor, imposing a fine of $2,050 and assigning two points to petitioner's retail dealer's record, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered March 31, 2009) dismissed, without costs.

The administrative law judge (ALJ) exercised his discretion in admitting into evidence the cigarette pack allegedly sold to a minor, which had not been inspected or analyzed, as well as a redacted copy of the purchaser's birth certificate that lacked a raised seal. The Rules of the Department of Consumer Affairs allow introduction of "relevant evidence" at an administrative hearing "without regard to the technical or formal rules or laws of evidence in effect in the courts of the State of New York" (6 RCNY 6-35 [b]). The ALJ properly admitted these items because they were material and relevant, and not unreliable.

Petitioner's request to subpoena the purchaser for cross-examination was correctly denied. There is only "a limited right to cross-examine adverse witnesses in administrative proceedings" (*Matter of Gordon v Brown*, 84 NY2d 574, 578 [1994]). The ALJ properly determined that cross-examination in this instance was neither necessary nor required. Petitioner's due

process rights were protected by, among other things, its opportunity to confront the inspectors about the purchaser's age and the reliability of his birth certificate (*see generally id.* at 579).

Petitioner was in violation of the City's Tobacco Product Regulation Act (Administrative Code of City of NY § 17-620) for selling a tobacco product to a person under 18 years of age. Because section 17-620 is a strict liability statute, it is no defense that the employee who sold the cigarettes was not acting within the scope of his authority. Since it was also determined that petitioner violated the State's statutory prohibition (Public Health Law § 1399-cc [1]), and the employee who actually sold the cigarettes was unable to produce a valid certificate of completion from a state-certified tobacco sales training program, the ALJ properly assigned two points to petitioner's record (*see* § 1399-ee [3] [a]).* Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ.

---

* The ALJ erroneously referred to a violation of subdivision (1) of section 1399-cc, evidently misled by an erroneous reference to that effect in section 1399-ee (3) (a).