# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

300
TP 11-01956
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF PUTNAM COMPANIES, DOING
BUSINESS AS ACORN MARKETS, INC., PETITIONER,

V                                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, M.D., M.P.H., COMMISSIONER,
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT.

---

LAW OFFICE OF DAVID H. JACOBS, CORNING (SHAWN M. SAURO OF COUNSEL),
FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Steuben County [Marianne Furfure, A.J.], entered September 2, 2011) to review a determination of respondent. The determination, among other things, adjudged that petitioner violated Public Health Law § 1399-cc (2).

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that a clerk in one of its stores sold cigarettes to a person under the age of 18 in violation of Public Health Law § 1399-cc (2) and that petitioner's registration to sell cigarettes and lottery tickets must be suspended for six months. The sale was made to a minor employed by respondent, and the transaction was supervised and observed by one of respondent's investigators. We note at the outset that Supreme Court should have transferred the entire proceeding to this Court, rather than disposing of petitioner's contention that it was deprived of due process when the Administrative Law Judge (ALJ) refused to compel the minor who purchased the cigarettes to testify at the hearing (*see* CPLR 7804 [g]). In cases in which a substantial evidence issue is raised, the court must dispose of "such other objections [in point of law] as could terminate the proceeding" (*id.*). "[A]n 'objection in point of law' is one raised either by respondent in the answer or by petitioner in response to 'new matter contained in the answer' " (*Matter of Hoch v New York State Dept. of Health*, 1 AD3d 994, 994; *see also Matter of G & G Shops v New York City Loft Bd.*, 193 AD2d 405, 405). Here, petitioner's due process contention does not fall into either of those categories.

In any event, reviewing the matter de novo (*see Hoch*, 1 AD3d at 995), we conclude that the ALJ's refusal to compel the minor to testify did not violate petitioner's right to due process. The right to cross-examine witnesses in an administrative proceeding is a limited one (*see Matter of Gordon v Brown*, 84 NY2d 574, 578), and "[t]he ALJ properly determined that cross-examination [of the minor] in this instance was neither necessary nor required" (*Matter of Friendly Convenience, Inc. v New York City Dept. of Consumer Affairs*, 71 AD3d 577, 577). We further conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182). The investigator who observed the sale of cigarettes to the minor testified at the hearing that she was standing directly behind the minor when she requested and paid for the cigarettes, and the investigator verified the age of the minor through her driver's license and birth certificate, copies of which were admitted in evidence (*see Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735, 735-736; *cf. Hoch*, 1 AD3d at 995). In addition, respondent produced documentary evidence that petitioner had violated Public Health Law § 1399-cc (2) once before in the previous 36 months, and the director of retail centers for petitioner testified at the hearing that its employees had not completed a "state certified tobacco sales training program" (§ 1399-ee [3] [a]). The documents and testimony constituted substantial evidence supporting the determination that petitioner had accumulated "three points or more" on its record, requiring a six-month suspension of petitioner's registration to sell cigarettes and lottery tickets (§ 1399-ee [3] [e]).

Entered: March 23, 2012                    Frances E. Cafarell
                                           Clerk of the Court