■ In the Matter of CVS ALBANY, LLC, Doing Business as CVS/PHARMACY STORE #00631, Petitioner, v JOAN H. FACELLE, M.D., M.P.H., Commissioner of Rockland County Department of Health, et al., respondents. [992 NYS2d 904]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Joan H. Facelle, Commissioner of the Rockland County Department of Health, dated June 18, 2012, which affirmed a decision of a hearing officer of the Rockland County Department of Health, dated March 13, 2012, made after a hearing, finding that the petitioner committed two violations of Public Health Law § 1399-cc (3) at one of its stores by selling cigarettes to a minor and by failing to request identification from the minor, and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Upon judicial review of a determination rendered by an administrative body following a hearing, this Court's function is

limited to consideration of whether the determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239 [1997]; *Matter of Lahey v Kelly,* 71 NY2d 135, 140 [1987]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). The term "substantial evidence" has been held to be a "minimal standard" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 188 [1998]; *Matter of S & S Pub, Inc. v New York State Liq. Auth.,* 49 AD3d 654, 654 [2008] [internal quotation marks omitted]). "Hearsay evidence is admissible in administrative proceedings, and may, if sufficiently relevant and probative, constitute substantial evidence" (*Matter of S & S Pub, Inc. v New York State Liq. Auth.,* 49 AD3d at 654; *see People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]).

Here, the determination affirming the hearing officer's decision that the petitioner violated Public Health Law § 1399-cc (3) by selling cigarettes to an individual less than 18 years of age and by failing to request identification to establish that individual's age, is supported by substantial evidence (*see Matter of Genovese Drug Stores, Inc. v Harper,* 49 AD3d 735, 735 [2008]; *cf. Matter of Hoch v New York State Dept. of Health,* 1 AD3d 994, 995 [2003]). Accordingly, that determination must be confirmed, the petition denied, and the proceeding dismissed on the merits.

The petitioner's contentions raised in Point II of its brief are without merit. The petitioner's contention raised in Point III of its brief is not properly before this Court. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.