██ In the Matter of QUICK CHEK, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [12 NYS3d 261]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Orange County Department of Health dated June 3, 2011, which affirmed a decision of a hearing officer of the Orange County Department of Health dated April 21, 2011, made after a hearing, finding that the petitioner violated Public Health Law § 1399-cc at one of its stores by selling cigarettes to a minor, and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"Upon judicial review of a determination rendered by an administrative body following a hearing, this Court's function is limited to consideration of whether the determination is supported by substantial evidence" (*Matter of CVS Albany, LLC v*

*Facelle*, 121 AD3d 784, 784-785 [2014]; *see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735 [2008]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]), and "has been held to be a minimal standard" (*Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654, 654 [2008] [internal quotation marks omitted]). Moreover, "[u]nder a substantial evidence review, courts 'may not weigh the evidence or reject [the Commissioner's] choice where the evidence is conflicting and room for a choice exists' " (*Matter of Argyle Realty Assoc. v New York State Div. of Human Rights*, 65 AD3d 273, 283 [2009], quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75 [1983]).

Here, the respondent Orange County Department of Health (hereinafter the DOH) presented the testimony of an investigator, who testified that she personally witnessed the petitioner's employee sell cigarettes to an individual that the investigator knew to be under the age of 18. In addition, the DOH submitted a redacted copy of the minor's birth certificate, which was properly admitted into evidence (*see Matter of Friendly Convenience, Inc. v New York City Dept. of Consumer Affairs*, 71 AD3d 577 [2010]), as well as testimony by the investigator and other employees of the DOH that they personally viewed the minor's original birth certificate and verified the minor's age. Accordingly, the determination affirming the hearing officer's decision that the petitioner violated Public Health Law § 1399-cc by selling cigarettes to a minor is supported by substantial evidence (*see Matter of CVS Albany, LLC v Facelle*, 121 AD3d at 785; *Matter of Putnam Cos. v Shah*, 93 AD3d 1315, 1316 [2012]; *Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d at 735).

The petitioner's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.