■ In the Matter of BARBARA ZELLMER, Petitioner, v EN-LARGED CITY SCHOOL DISTRICT OF MIDDLETOWN BOARD OF EDU-CATION et al., Respondents. [16 NYS3d 332]—

Proceeding pursuant to CPLR article 78 to review a determination of the Enlarged City School District of Middletown Board of Education dated January 31, 2013, which, after a hearing pursuant to Civil Service Law § 75, rejected the findings of a hearing officer and determined that the petitioner was guilty of one charge of misconduct and neglect of duty, and suspended her employment for 30 calendar days.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the penalty imposed is vacated, and the matter is remitted to the respondents to determine the amount of back pay and benefits owed to the petitioner.

The petitioner, a keyboard specialist for the Enlarged City School District of Middletown (hereinafter the District), was charged with, inter alia, being excessively absent and abusing her leave privileges by utilizing sick and/or personal leave on days that fell immediately before or after weekends, holidays, vacations, or other pre-approved leave. The Enlarged City School District of Middletown Board of Education (hereinafter the Board) suspended the petitioner from work for a 30-day period without pay. The Board made this determination even though the hearing officer who conducted a hearing on the charges recommended that all of the charges and specifications be dismissed, and that the petitioner's 30-day suspension be nullified with full back pay. The petitioner commenced this CPLR article 78 proceeding against the District, the Board, and the District's superintendent (hereinafter collectively the respondents), contending that the Board's determination was not supported by substantial evidence. We agree.

This Court's review of a determination rendered by an administrative body following "a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record" (*Matter of Grimaldi v Gough*, 114 AD3d 679, 680 [2014]; *see* CPLR 7803 [4]; *Matter of Lahey*

*v Kelly*, 71 NY2d 135, 140 [1987]; *Matter of Quirolo v Israel*, 130 AD3d 1042 [2015]; *Matter of Quick Chek v New York State Dept. of Health*, 129 AD3d 1090 [2015]). Substantial evidence "consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably— probatively and logically" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). "While the quantum of evidence that rises to the level of 'substantial' cannot be precisely defined, the inquiry is whether 'in the end the finding is supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " (*People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985], quoting *National Labor Relations Bd. v Remington Rand*, 94 F2d 862, 873 [2d Cir 1938]). "Marked by its substance—its solid nature and ability to inspire confidence, substantial evidence does not rise from bare surmise, conjecture, speculation or rumor" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

The Board's determination that the petitioner had engaged in misconduct and neglect of duty by abusing her leave time privileges, and was excessively absent from work, was not supported by substantial evidence (*see Matter of Horton v Ames*, 75 AD2d 853, 854 [1980]). Accordingly, we grant the petition, annul the determination, vacate the penalty imposed, and remit the matter to the respondents to determine the amount of back pay and benefits owed to the petitioner.

The petitioner's remaining contention has been rendered academic in light of our determination. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.