Matter of Smith v City of New York (2020 NY Slip Op 03600)





Matter of Smith v City of New York


2020 NY Slip Op 03600


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11698 100525/16

[*1] In re Jeff Smith, Petitioner,
v
City of New York, et al., Respondents.


Jeff Smith, petitioner pro se.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Determination of respondents, dated November 30, 2015, which, after a hearing, sustained a charge that petitioner owned and was operating an unlicensed vehicle for hire, found reasonable suspicion of illegal activity to support seizure of the vehicle, and imposed a $1,500 fine, unanimously confirmed in part, as to the finding of liability and resulting fine, without costs, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Kathryn E. Freed, J.], entered December 12, 2018), remanded for a new hearing to consider the reasonableness of the warrantless seizure of petitioner's vehicle.
The charge is supported by substantial evidence in the record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Under applicable law, "[a]ny person who shall permit another to operate or . . . knowingly operate or offer to operate for hire any vehicle . . . in the city, without first having obtained . . . a license for such vehicle," may be found liable for civil penalties in an administrative proceeding (Administrative Code of City of NY § 19-506[b][1], [f]). The complaining officer submitted a sworn statement in the summons and testified at the hearing that he heard petitioner's entire conversation with the undercover TLC officer for whose street hail petitioner admittedly stopped (Administrative Code of City of NY § 19-506.1[a]; 48 RCNY 5-02[a], 6-12[b]). Petitioner's right to confront witnesses against him was not violated merely because the undercover officer was not called as a witness (see Matter of Friendly Convenience, Inc. v New York City Dept. of Consumer Affairs, 71 AD3d 577, 577-578 [1st Dept 2010]).
We find no reason to overturn the ALJ's decision not to credit petitioner, which is "largely unreviewable" (see Matter of Faison v New York City Taxi & Limousine Commn., 176 AD3d 416, 416 [1st Dept 2019], quoting Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Even were we to do so, the alternative finding that petitioner was offering his vehicle for hire, where he sought to exchange a ride to the airport for completion of a survey to be used for his freelance news business, is not irrational (300 Gramatan Ave. Assocs., 45 NY2d at 180-181). Nor did enforcement of the general prohibition on unlicensed for-hire vehicles violate petitioner's First Amendment freedom of the press (see Cohen v Cowles Media Co., 501 US 663, 669 [1991]).
That the summons was issued to petitioner as the owner, instead of the driver, does not warrant vacatur. Respondents' interpretation of the law which "shall apply to the owner of such vehicle and, if different, to the operator of such vehicle" (Administrative Code of City of NY § 19-506[b][1]), is "not irrational or unreasonable" and "should be upheld" (Matter of Nelson v Roberts, 304 AD2d 20, 24 [1st Dept 2003]).
The record is insufficient to determine whether the warrantless seizure of petitioner's vehicle violated the Fourth Amendment (see Administrative Code of City of NY § 19-506[h][1]). Respondents' officers must have "probable cause to believe that the vehicle is, in fact, subject to [*2]forfeiture" (United States v Gaskin, 364 F3d 438, 458 [2d Cir 2004], cert denied 544 US 990 [2005], citing Florida v White, 526 US 559, 561 [1999]), based on facts and circumstances "within" their "knowledge" (id. at 456). Forfeiture would apply if petitioner were found liable for violating the same provision within 36 months of the violation on appeal here (Administrative Code of City of NY § 19-506[h][2]). However, respondents did not proffer evidence of petitioner's previous violation at the hearing, which pre-dated findings by federal district courts limiting the scope of the seizure provision to the well-established forfeiture exception (see Harrell v City of New York, 138 F Supp 3d 479, 490-495 [SD NY 2015], citing Gaskin, 364 F3d at 458; see also DeCastro v City of New York, 278 F Supp 3d 753, 769-772 [SD NY 2017]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK