Matter of C&C Tobacco/ Chuck's Gas Mart, Inc. v Tompkins County Whole Health (2024 NY Slip Op 06260)

Matter of C&C Tobacco/ Chuck's Gas Mart, Inc. v Tompkins County Whole Health

2024 NY Slip Op 06260

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-1392
[*1]In the Matter of C & C Tobacco/ Chuck's Gas Mart, Inc., Petitioner,
v
Tompkins County Whole Health et al., Respondents.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Aubrey D. Hetznecker of counsel), for petitioner.
Maury B. Josephson, County Attorney, Ithaca (Holly Mosher of counsel), for respondents.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of respondent Tompkins County Board of Health finding petitioner guilty of selling a tobacco product to a minor.
In October 2022, respondent Tompkins County Board of Health (hereinafter the Board) issued petitioner, a licensed tobacco, cigarette and vapor product retailer operating in Tompkins County, a notice of violation alleging the sale of a tobacco product to an individual under 21 years of age in violation of Public Health Law § 1399-cc. Such violation stemmed from an underage compliance check conducted by respondent Tompkins County Whole Health, whereby a county health inspector witnessed an underage inspector complete a transaction for a nicotine vapor product without providing identification to verify her age. Following an evidentiary hearing, the Hearing Officer determined that petitioner violated the statute, and the Board adopted a resolution affirming the Hearing Officer's findings and imposed a penalty. Petitioner then commenced this CPLR article 78 proceeding seeking to annul the determination that it sold a tobacco product to an underaged individual, contending, among other things, that such determination was not supported by substantial evidence because respondents failed to establish the age of the underage inspector. Supreme Court considered an objection that could have terminated the proceeding, finding it without merit, and accordingly transferred the matter to this Court pursuant to CPLR 7804 (g).
In a CPLR article 78 proceeding, judicial review of a determination made by an administrative agency following an evidentiary hearing is limited to consideration of whether the findings were supported by substantial evidence (see CPLR § 7804 [g]; Matter of Corning Natural Gas Corp. v Public Serv. Commn. of the State of N.Y., 221 AD3d 1075, 1078 [3d Dept 2023], appeal dismissed 41 NY3d 968 [2024], lv denied 42 NY3d 906 [2024]). "Substantial evidence is a minimal standard that requires less than the preponderance of the evidence and demands only the existence of a rational basis in the record as a whole to support the findings upon which the determination is based" (Matter of Roberts v New York State Bd. for Professional Med. Conduct, 215 AD3d 1093, 1094 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 907 [2024]). Because it is a minimal standard, "[s]ubstantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Quick Chek v New York State Dept. of Health, 129 AD3d 1090, 1091 [2d Dept 2015] [internal quotation marks and citation omitted; emphasis added]). To this point, "hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence even if contradicted by live testimony on credibility [*2]grounds" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]), and may "form the sole basis of an agency's determination, unless the hearsay evidence is seriously controverted" (Matter of Cauthen v New York State Justice Ctr. for the Protection of People with Special Needs, 151 AD3d 1438, 1440 [3d Dept 2017] [internal quotation marks and citations omitted]).
Here, respondents presented the testimony of the county health inspector who witnessed petitioner's employee sell a tobacco product to an individual that the inspector knew to be under the age of 21. She testified that she had conducted over 50 compliance checks with the underage inspector and had verified her age from the birth certificate that was maintained by respondents — but not offered into evidence at the hearing. Rather, respondents offered into evidence a retail tobacco and vapor product inspection summary report, which provided the underage inspector's date of birth and her initials confirming that the sale occurred without her providing proof of age. Such evidence was corroborated by a supervisor, who acknowledged that he had also personally verified the age of the underage inspector through her birth certificate and had worked with her on approximately 15 to 20 compliance checks.
Petitioner contends that this evidence is merely hearsay and that the failure to admit into evidence any official record such as a birth certificate or driver's license to establish the age of the underage inspector is fatal to confirming the violation (see Matter of Hoch v New York State Dept. of Health, 1 AD3d 994, 994 [4th Dept 2003]; see also Matter of Mario Enters., Inc. v New York State Liq. Auth., 189 AD3d 2034, 2035 [3d Dept 2020]; Matter of Quick Chek v New York State Dept. of Health, 129 AD3d at 1091; Matter of Putnam Cos. v Shah, 93 AD3d 1315, 1316 [4th Dept 2012], lv denied 19 NY3d 811 [2012]; Matter of Genovese Drug Stores, Inc. v Harper, 49 AD3d 735, 735 [2d Dept 2008]). We disagree. Even though the better practice may be to provide official documentation, under the unique circumstances of this case where the county health inspector had previously worked with the underage inspector on over 50 occasions, had personally verified her age from a birth certificate and respondents put into evidence a statement initialed by the underage inspector acknowledging her date of birth — all which was corroborated by a supervisor, who had also personally verified the underage inspector's birth certificate — we find this to constitute "adequate" evidence to support the agency's ultimate determination that the patron was underage (Matter of Quick Chek v New York State Dept. of Health, 129 AD3d at 1091). Contrary to petitioner's contentions, this is also consistent with the case law, as other instances of underage sales involving only witness testimony based on statements from underage patrons and not official documents have been similarly sufficient to constitute substantial evidence [*3](see Matter of Today's Lounge of Oneonta, Inc. v New York State Liq. Auth., 103 AD3d 1082, 1083 [3d Dept 2013]; Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d 1260, 1262 [3d Dept 2009]),[FN1] while the failure to provide either the testimony of a witness who verified such information or the official document has been found insufficient (see brief for petitioner-respondent in Matter of Hoch v New York State Dept. of Health, 1 AD3d at 994, available at 2003 WL 25793280, at *3-4 [witness had never verified the underage buyer's age through an official document, which was maintained by agency but not offered at the hearing]). Based on the foregoing, the determination by the Board affirming the Hearing Officer's determination that petitioner violated Public Health Law § 1399-cc by selling a nicotine vapor product to an individual under the age of 21 is supported by substantial evidence (see Matter of Quick Chek v New York State Dept. of Health, 129 AD3d at 1091; see also Matter of Today's Lounge of Oneonta, Inc. v New York State Liq. Auth., 103 AD3d at 1083; Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d at 1262; compare Matter of Hoch v New York State Dept. of Health, 1 AD3d at 994). We have examined petitioner's remaining contentions, including that respondents were required to have tested the product sold to the underage inspector to confirm it was tobacco, despite it being offered for sale and labelled as containing tobacco, and have found them to be without merit or rendered academic.
Clark, J.P., Pritzker, Lynch and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: In the first case, the investigator verified the ages of the underage patrons by examining their photo identifications, but did not make a copy or submit such documentation at the hearing, which was still sufficient to sustain the violation as substantial evidence (see brief for petitioner in Matter of Today's Lounge of Oneonta, Inc. v New York State Liq. Auth., 103 AD3d at 1082, available at 2012 WL 12977675, at *13-14). In the other case, the agency did not offer any official document establishing the age of the underage patrons that were served alcohol, but rather submitted their hearsay statements that they were underage at the time of the sale which was subsequently verified by law enforcement through a database, and then testified to by the police officers who had observed the underage patrons consuming alcohol; such proffer was ultimately found to be sufficient to constitute substantial evidence (see brief for petitioner in Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d at 1260, available at 2008 WL 8747478, at *9-10).