Matter of Smith v New York State Dept. of Corr. & Community Supervision (2025 NY Slip Op 51325(U))

[*1]

Matter of Smith v New York State Dept. of Corr. & Community Supervision

2025 NY Slip Op 51325(U)

Decided on August 25, 2025

City Court Of Elmira, Chemung County

Forrest, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 25, 2025
City Court of Elmira, Chemung County

In the Matter of Devon B. Smith, Appellant,

against
New York State Department of Corrections and Community Supervision and Board of Parole, Respondent.

Docket No. MZ-1340-24

Heather S. Odom, Esq., NY DOCC
George F. Hidebrandt, Esq., Atty for Defendant

Steven W. Forrest, J.

Appellant, Devon B. Smith, appeals from a final revocation hearing held on April 3, 2024, wherein the administrative law judge ("ALJ") issued a handwritten DECISION dated May 14, 2024, sustaining two charges of a Rule 8 violation based on appellant's outstanding criminal charge of PL 140.15(1) Criminal Trespass in the Second Degree (Reduced in Elmira City Court on March 29, 2024, from an original charge of PL 140.25(2) Burglary in the Second Degree, a class C Felony) wherein it is alleged that on or about February 15, 2024, at approximately 10:00 pm, at 351 Water St, Apt 2, in the City of Elmira, County of Chemung, State of New York appellant allegedly knowingly entered and remained unlawfully at the dwelling of the victim, Shiasia Dricoll. (It is noted that on June 14, 2024, the criminal charge in Elmira City Court was dismissed in the interests of justice).
A parole releasee is permitted to appeal non-technical violation findings in a parole revocation hearing to the lowest level court serving the jurisdiction where the parole revocation hearing was held, i.e., Elmira, NY. Elmira City Court is the lowest level court, and it has jurisdiction to entertain this Appeal. [See Executive Law § 259-i (4-a)(a).] A non-technical violation is defined as "any of the charges sustained by the hearing officer (that) would constitute a misdemeanor or felony if such charges were or had been brought in criminal court." [ Executive Law § 259-i (4-a)(a).]
Penal Law § 140.15 (1) provides: "(a) person is guilty of criminal trespass in the second degree when . . . he or she knowingly enters or remains unlawfully in a dwelling . . . ". Criminal Trespass in the Second Degree is a class A misdemeanor.
In order to sustain a violation charge under the Executive Law, as amended by the "Less Is More Act" (effective August 8, 2022) there must be clear and convincing evidence that the releasee's conduct violated one or more conditions of release in an important respect. [Executive Law § 259-i (3)(f)(x); 9 N.Y.C.R.R. § 8005.20(b).]
The final revocation hearing shall be held within thirty (30) days of the preliminary hearing if the parolee is detained, or, within forty-five (45) days if not in custody. The parolee may request extensions of time. The parolee has the same rights and protections as during the preliminary hearing, including the right to counsel. The hearing cannot be held within a [*2]correctional facility or detention center, and shall be presided over by a hearing officer appointed by the department. [Executive Law § 259-i (f)(I).] All persons giving testimony shall be sworn in and made available for cross-examination. [Executive Law § 259-i (3)(f)(v).] As previously indicated, a violation can only be sustained by "clear and convincing" evidence. Conduct forming the basis of an arrest that subsequently was dismissed, or, resulted in an ACD or acquittal cannot form the basis of a violation. [Executive Law § 259-i (3)(f)(viii). See also: Handling a Criminal Case in New York, Muldoon, page 1482, § 23:144.]
On appeal, the reviewing court " . . . shall consider de novo issues raised by the appellant, including but not limited to the following: (a) whether any sustained violation charge should have been sustained; (b) whether reduction or dismissal of the alleged violation charge or charges is warranted, in accordance with the principles set for in section 170.40 or section 210.40 of the criminal procedure law or otherwise; and (c) whether any time assessment and other authorized sanctions imposed by the hearing officer should be vacated, reduced, or, notwithstanding any law, rule or regulation to the contrary, ordered to run concurrently with any sentence, time assessment, or period of reincarceration imposed. [Executive law § 259-i (4)(d).]
The principles outlined in sections 170.40 & 210.40 of the criminal procedure law are self-evident. They include:
• The seriousness and circumstances of the offense
• the extent of harm caused by the offense
• the evidence of guilt, whether admissible or inadmissible at trial
• the history, character and condition of the defendant
• any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant
• the purpose and effect of imposing upon the defendant a sentence authorized for the offense
• the impact of a dismissal on the safety or welfare of the community
• the impact of a dismissal upon the confidence of the public in the criminal justice system
• the attitude of the complainant or victim
• any other relevant fact indicating that a judgment of conviction would serve no useful purpose
In addition, it is stated within both statutes that: "(i)n determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively . . . ." (the aforesaid factors). Id.
The facts of this case, as outlined in the record on appeal, are largely not in dispute. The chronology of events is outlined below:
March 3, 2017 Appellant is convicted of Attempted Criminal Possession of a Weapon 2nd Degree in Tompkins County, NY and is sentenced to a determinate term of six years incarceration in state prison with five years of post-release supervision.
May 2, 2022 Appellant is released to parole from Midstate Correctional Facility
February 19, 2024 Appellant is arraigned in Elmira City Court initially on Burglary Second Degree, a class C felony, a violation of PL 140.25 (2).
March 6, 2024 Appellant's first parole hearing appearance, Attorney Hildebrant is retained but not present necessitating an adjournment at appellant's request.
March 20, 2024 Appellant and his retained attorney are present and the final parole [*3]hearing is adjourned at the request of the parole officer over objection of appellant and counsel.
March 29, 2024 Charge in Elmira City Court is reduced to PL 140.15 (1) Criminal Trespass 2nd Degree, a class A misdemeanor.
April 3, 2024 Appellant's final parole revocation hearing. The Division proceeds with a contested hearing on charges 1 and 2, referencing Parole Condition Rule 8, regarding alleged violations of the law endangering the health and the safety of others. Charge 3 references Rule 13 regarding curfew and it is stipulated by the parties that the charge be withdrawn and/or dismissed (R-45, 46).
May 14, 2024 ALJ issues a handwritten Decision & Order denying the defense motion to dismiss and finding that: "(t)he releasee participated in an assault upon Ms. Driscoll; (t)he violations are very serious in nature; (and that) releasee is ordered to be held until his Maximum Expiration."
It is from this contested final revocation hearing and Decision issued by the ALJ that the appellant appeals.
The critical issue which first must be addressed by this Court is whether the video evidence properly was admitted by the ALJ during the final revocation hearing.
Respondent argues, among other things, that the video evidence properly was received by the ALJ, citing NYS regulations, statutes, and case law supporting the propositions that parole revocations are administrative proceedings, that the formal rules of evidence do not apply, that hearsay evidence is admissible, and that admitting the video evidence was within the sound discretion of the ALJ. Respondent further argues that receipt of the video evidence within the context of a parole revocation hearing merely affects the weight, and not the admissibility of such evidence and that the ALJ did not heavily rely on said evidence in the issuance of the decision.
On the other hand, appellant contends that the entire case against him resulting in two charges being sustained by the ALJ rests solely on hearsay and double hearsay. Appellant maintains that the video evidence improperly was admitted over objection without a proper foundation and without proper authentication. Appellant also contends that his fundamental due process rights to confront and to cross-examine adverse witnesses patently were violated when the hearing officer allowed the hearsay evidence without first specifically finding good cause for not allowing confrontation, citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972); People ex.rel. McGee v. Walters, 62 NY 2nd 317, 319, 321 (1984); Executive Law § 259-i (3)(f)(v).
With these contentions by appellant, this Court must agree.
First, it is noted that "(r)espondent acknowledges that the Administrative Law Judge should have inquired and made a specific finding of good cause prior to admitting those (hearsay) statements without the testimony of the victim herself . . . ." (See Brief for Respondent, page 2). As appellant accurately appoints out, the revocation hearing originally, was set to proceed on March 20, 2024, but the parole revocation specialist requested a two-week adjournment because the alleged victim, Shiassa Driscoll, had texted that she was "stuck at work." (See Brief of Appellant, page 3; R-3). On April 3, 2024, the final revocation proceeding was held, and the record is completely void of reasons why Ms. Driscoll was not present on that day.
In searching the record, this Court agrees with appellant that the video was not properly [*4]authenticated, there was no proper foundation established for admission, and the only evidence linking the video to the alleged assault is the hearsay testimony of the police investigator and the parole officer. Appellant accurately recites that the parole officer admits having no independent knowledge of the accuracy of the video — when, where, and by whom it was taken (R-page 30 of transcript) or that the person who sent it to him was even who she purported to be (R — page 29 of transcript).
This Court also finds and agrees with appellant's assertions that even though there were times where the ALJ recognized the legal standard that a charge may only be sustained by "clear and convincing evidence" (Executive Law § 259 -i (3)(f)(viii); Decision — page 24), the ALJ's admission of the investigator's review (of the alleged victim's version of events in another officer's report) as a business record was improper, that same constituted double hearsay, and that the ALJ attempted to support his decision by "bootstrapping" description testimony, on what is depicted in the video (both audio and visual) when the video, itself, improperly was admitted into evidence.
Of particular note are the following exchanges:
MR. HILDEBRANDT: I am sorry. Can I just note for the record, my understanding of the law pretty clearly is that hearsay is admissible upon a specific finding of good cause. I mean, if he is testifying about the events just to explain background of what he did, so it is not offered for hearsay purposes. I don't object, but otherwise, I will object to the admission of hearsay. And I think that is clearly in Executive Law 259 i. Morrissey versus Brewer, 408 U.S. 471, and People ex. rel. McGee versus Walters, 62 NY 2nd 317.
ALJ STANTON: Counsel, I took it where he was giving background. I didn't take it that he was offering it for the truth of what it was, it was just giving the background leading up to how he got involved in an investigation is what I took it as. So overruled, go ahead. (R — page 10 T, line 5-16).
MR. HIDEBRANDT: Judge, I will object to that as hearsay. That clearly offered for the truth of the matter. No good cause why she isn't going to testify to that, so it is hearsay and it is inadmissible unless there has been a specific showing of good cause why Ms. Driscoll isn't going to be testifying about that.
ALJ STANTON: Well, I don't know that she is not. The issue is that the investigator —we took him out of the line, I guess, from the witnesses because the fact that he had to be somewhere else is why we did it.
MR. HILDEBRANDT: Yeah, I mean, he can testify to what he did, but as far as testifying about a complaint that someone else made and identifying Mr. Smith, that is clearly hearsay or else it is not relevant. There is no purpose alleging that he is a perpetrator of the criminal act unless it is offered for the truth of the matter asserted, which is clearly hearsay.
ALJ STANTON: I'm not sure we are even at that point yet. We are still doing the back-ground on this. Why don't you ask the questions differently then? (R — page 11 T; lines 1-16)
MR. HILDEBRANDT: I would move to dismiss the charges. (R — page 33 T; line 25) Determination cannot be based on hearsay alone; it has to be a residual of competent legal evidence. I will renew my objection to that hearsay was not admissible, and the Division did not establish why Ms. Driscoll did not appear and testify or any attempts to obtain her appearance today. So, the hearsay testimony should not be considered, and [*5]even if it is, there is no competent legal evidence other than the hearsay to support the violation. So, I would move to dismiss all of the charges.
ALJ STANTON: What does the Division say?
PRS VANATTA: Judge, I understand that part of this is hearsay. Ms. Driscoll has constantly maintained that Mr. Smith was involved in this assault. The hearsay is corroborated, both by the video that was taken during the assault, and the parole officer identified the voice on the video as being the parolee.
MR. HILDEBRANDT: Judge, Ms. Driscoll's identification of the video as depicting the assault that she complained about and said occurred on this date is hearsay. There is no independent proof of when the events on the video occurred, where it occurred, so even the video depends on hearsay.
ALJ STANTON: What does the Division say?
PRS VANATTA: She reported the incident to the police, she was consistent with her reporting of the incident to both officers that she spoke to and with the parole officer.
ALJ STANTON: All right. I will reserve on our motion as to . . . . (R — page 34 T; lines 1-22).
In the brief for respondent, the assertion is made that the video evidence was properly admitted. Among the cases cited is People v Boyd, 97 AD3d 898 (3rd Dept, 2012), standing for the proposition that: (t)he decision to admit video evidence "rests in the sound discretion of the trial court and will not be disturbed ABSENT A LACK OF FOUNDATION FOR ITS INTRODUCTION OR A DEMONSTRATED ABUSE OF THE COURT'S DISCRETION: Id. (See brief, page 10) [Emphasis added.]
As aforesaid indicated, this Court rules that there exists a lack of foundation and authenticity for the admission of the video at the final parole revocation hearing and that the ALJ abused his discretion in allowing same to be admitted.
Furthermore, a determination in an administrative proceeding is not supported by substantial evidence where there is a total lack of corroborative evidence. In the Matter of Richard W. Hoch v. New York State Department of Health, 1 AD3d 994 (Fourth Dept, 2003). In Matter of Hoch, supra, a determination was made that petitioner violated the Public Health Law by selling tobacco products to a minor "student aide" employed by the Department of Health. When the investigator was asked how the aide's age was verified, he stated that the aides were required to present documentary evidence verifying their age. The witness investigator, however, did not personally verify the aide's age and there was no further documentary or testimonial evidence produced at the hearing verifying the age of the minor "student aide". Id. @ 996.
In the instant case, this Court also finds a total lack of corroborative evidence. The video evidence was never properly founded or authenticated, and the witnesses should not have been allowed to testify regarding same.
Most importantly, in the instant proceeding, without good cause shown or stated on the record, the appellant's fundamental due process rights of confrontation were violated when the ALJ allowed two witnesses to testify about their visual and audio observations from a video that improperly had been admitted without proper authentication or foundation. See Morrissey v. Brewer, supra, 408 U.S. 471 (1972).
The difficulties present in the existing case are further compounded with the miscalculations by the ALJ in the amount of time appellant previously had been released on parole and had successfully adhered to the conditions of supervision. It was disclosed on the [*6]record and in the State's exhibits that appellant had been on release since May, 2022. (T — 32, State's exhibit 1). Although the ALJ initially acknowledged the correct release date, he found that appellant had been free for nine months, two days at the time of the alleged offense. (Decision — page 4). The ALJ further held appellant to his maximum expiration date. Clearly, appellant had been released and under the supervision of parole for a period of approximately twenty-one (21) months at the time of the alleged offense.
For all the foregoing reasons, it is hereby,
ORDERED that the ALJ's decision sustaining two charges of a Rule 8 violation be reversed in its entirety, and it is further,
ORDERED that appellant be restored to supervision.
This constitutes the DECISION and the ORDER of this Court.
DATED: August 25, 2025
Steven W. Forrest
Judge, Elmira City Court